■ LINCE K. ROSENBLUM, Individually and as Guardian ad Litem of INA R. ROSENBLUM, an Infant, Respondent, v. NELSON E. SMITH, Individually and as a Copartner Doing Business under the Name of SNOW HILL CAMPS, Appellant, et al., Defendant.— In an action by an infant to recover damages for personal injuries and by her mother for medical expenses and loss of services, the appeal is from a judgment entered upon a jury verdict for $13,750 in favor of the infant and for $1,750 in favor of her mother. Judgment reversed and new trial granted, with costs to abide the event, unless respondent stipulate, within 10 days after the entry of the order hereon, to reduce the verdict to $9,000 for the infant and to $500 for the mother, in which event the judgment, as so reduced, is unanimously affirmed, without costs. The amounts awarded by the jury were excessive. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ SARAH SOJO, Appellant, v. CHARLES SOJO, Respondent.— An action by a wife, appellant here, for a separation was consolidated with an action by her husband for, *inter alia*, annulment of their marriage and to impress a trust on real property, alleging that the purchase of the real property, in appellant's name, was a joint venture to which he had contributed a substantial amount. She contends that the capital investment was borrowed from, or was advanced by, her mother solely on appellant's behalf. Item 7 of appellant's notice (to examine respondent before trial as to the joint venture) sought to examine him as to the sources of the funds allegedly paid by him toward the purchase price and the upkeep of the property. The appeal is from an order granting respondent's motion to strike item 7 from the notice of examination. Order modified by striking from the first ordering paragraph the word "granted" and by substituting therefor the word "denied," and by striking from the second ordering paragraph the words "in all other respects". As so modified, order affirmed, without costs. The examination is to proceed on five days' notice. At issue are the respective contributions of the parties to the purchase and maintenance of the property, a material factor to be taken into consideration in determining the existence of a trust agreement. The appellant should be permitted to elicit from the respondent his version of the sources of the funds allegedly paid by him. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ MIKE SZELIK et al., Appellants, v. SALVATORE BONSIGNORE et al., Respondents.— In an action by the purchasers, to rescind a contract for the purchase and sale of real property, and to recover the payment made on account of the contract price, less $25, the appeal is from a judgment dismissing the complaint entered on a decision after trial. The contract provides for its cancellation in the event the purchasers are unable to procure a mortgage commitment within 30 days. Appellants did not apply for such commitment and assert that they were unable to do so because appellant wife suffered a nervous breakdown and appellant husband was required to remain at home to care for her. There was evidence to the contrary, and evidence from which it might be found that there were other reasons for appellant's nonperformance. Judgment unanimously affirmed, with costs. No opinion. Present— Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.